IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID KING, ) </br> ) </br> *Plaintiff*, ) </br> ) No. </br> vs. ) </br> ) Judge </br> UNIVERSAL HEALTH SERVICES, INC., ) </br> and UHS OF HARTGROVE, INC., doing ) Magistrate Judge </br> business as Hartgrove Behavioral Health ) </br> System, ) </br> ) </br> *Defendant*s. ) | |

## APPLICATION TO VACATE ARBITRATION AWARD

Comes now the Plaintiff, DAVID KING, by his counsel, Joseph A. Morris and MORRIS & DE LA ROSA, and, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., applies for the vacation of the Arbitration Award entered in the controversy between Plaintiff and the Defendants, UNIVERSAL HEALTH SERVICES, INC., and UHS OF HARTGROVE, INC., doing business as Hartgrove Behavioral Health System. In support thereof Plaintiff states as follows:

**Jurisdiction and Venue**

1. This action seeks the vacation of an arbitration award in an arbitration conducted in the Northern District of Illinois pursuant to an order compelling arbitration entered by a judge of this Court disposing of a prior proceeding commenced in this Court pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Labor Standards Act, and the Fair Credit Reporting Act. The jurisdiction of this Court is invoked pursuant to 9 U.S.C. § 10 and 28 U.S.C.

§§ 1331 and 1343. Venue lies in this Court pursuant to 9 U.S.C. § 10, 28 U.S.C. § 93(a)(1), and 28 U.S.C. § 1391(b).

### Parties

2. Plaintiff, DAVID KING, is a citizen of the United States of America; a citizen and resident of the State of Illinois; and is a person with sundry mental, learning, and developmental disabilities. At times relevant hereto, Plaintiff was an employee of Defendants.

3. Defendants, UNIVERSAL HEALTH SERVICES, INC., and UHS OF HARTGROVE, INC., doing business as Hartgrove Behavioral Health System, do business, and for purposes of venue are found, in the County of Cook, State of Illinois. At times relevant hereto, Defendants were the employers of Plaintiff.

### Facts

4. On December 18, 2018, Plaintiff, acting *pro se*, commenced an action in this Court against Defendants and other parties claiming injuries in violation of, and redressable by, the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Labor Standards Act, and the Fair Credit Reporting Act. That action was here known as *King v. Universal Health Services* and was here numbered as Cause No. 1:18-cv-08418 (hereinafter "*King I*").

5. A year and a day later, on December 19, 2019, Plaintiff, again acting *pro se*, filed an Amended Complaint in *King I*. A copy of that Amended Complaint (Document No. 8 on the docket of *King I*) is attached hereto as Exhibit A.

6. On April 17, 2020, Defendants filed a Motion to Compel Arbitration in *King I*. A copy of that Motion (Document No. 18 on the docket of King I) is attached hereto as Exhibit B.

7. On May 13, 2020, a Judge of this Court, the Honorable Charles P. Kocoras, entered an Order in *King I* granting Defendant's Motion to Compel Arbitration and dismissing the case. A copy of that Order (Document No. 25 on the Docket of *King I*) is attached hereto as Exhibit C.

8. Subsequent thereto arbitration proceedings were had between Plaintiff and Defendants before Arbitrator Joseph M. Gagliardo.

9. In those arbitration proceedings Plaintiff acted *pro se* and without the advice and assistance of counsel.

10. On June 27, 2022, Arbitrator Gagliardo entered an Arbitration Award in the controversy between Plaintiff and Defendants. A copy of the Arbitration Award is attached hereto as Exhibit D.

11. At all times relevant hereto Plaintiff suffered, and suffers, from several mental, developmental, and learning disabilities which inhibit, impair, and delay his abilities to function in the conduct of his business, in communicating, and in transacting his affairs, including in the conduct of controversies and proceedings relating to them.

12. Without reasonable accommodation of his disabilities Plaintiff is at a disadvantage in the conduct of his business and in transacting his affairs and, in particular, is severely prejudiced in the conduct of controversies and proceedings relating to them.

13. No effort was made to accommodate Plaintiff's disabilities in the conduct of the subject arbitration proceeding, particularly in that Plaintiff was not offered and supplied with the advice and assistance of counsel; the arbitrator was manifestly unable to grasp the evidence proffered, and arguments made, by Plaintiff; and the arbitrator conflated perceptions of Plaintiff's knowledge, skills, abilities, and behaviors as manifested in the course of the arbitration proceeding with assessments of Plaintiff's knowledge, skills, abilities, and behaviors as manifested in the course

of his employment which was a substantive subject of the arbitration proceeding, thus subjecting Plaintiff to impermissible prejudice in the arbitration.

14. The arbitrator misapprehended the evidence presented in the course of the arbitration.

15. The arbitrator developed prejudice and biases toward Plaintiff that were unjustified by the facts and that resulted in fundamental unfairness to Plaintiff in the conduct and outcome of the arbitration.

16. The arbitration was thus procured by undue means, the arbitration was tainted by evident partiality in the arbitrator, and the arbitrator by failing to accommodate the needs of Plaintiff effectively refused to hear evidence material and pertinent to the controversy, and otherwise caused the rights of Plaintiff to be prejudiced; all within the meaning of 9 U.S.C. § 9(a).

17. In consequence of these facts, Plaintiff has never had a full and fair hearing in any forum on his claims under the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Labor Standards Act, and the Fair Credit Reporting Act, all in violation of his rights under those statutes and of his rights to Due Process of Law pursuant to the Fifth Amendment of the United States Constitution.

18. This application is filed within 90 days of the entry of the arbitral award.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will grant Plaintiff the following relief:

A. Vacation of the Arbitration Award entered on June 27, 2022.

B. A rehearing by an arbitrator.

C. An order directing that the special needs of Plaintiff, including his need for the advice and assistance of counsel, be accommodated in the arbitral rehearing at the expense of Defendants.

D. Attorneys' fees pursuant to the Civil Rights Attorneys Fees Awards Act.

E. Costs of suit.

F. Such other relief as may be just and proper.

Dated: September 21, 2022.

Respectfully submitted,

/s/ JOSEPH A. MORRIS
_____

JOSEPH A. MORRIS
Counsel for Plaintiff


JOSEPH A. MORRIS
MORRIS & DE LA ROSA
6171 North Sheridan Road
Suite 312
Chicago, Illinois 60660
(312) 927-4680
E-Mail: MDLRusuk@aol.com
Illinois Attorney Registration No. 1963457
*Counsel for Plaintiff*.